**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SUSAN R. HARRISON,

    Plaintiff,

vs.                                                                       CASE NO. 3:08-cv-577-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This matter is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of Social Security (the Commissioner) denying Plaintiff's claims for disability insurance benefits (DIB) and supplemental security income disability payments (SSI). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #24, Plaintiff's Brief).[1] Defendant filed his brief in support of the decision to deny disability benefits (Doc. #25, D's Brief). Both parties consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated October 8, 2008 (Doc. #23). The Commissioner has filed the transcript of the administrative proceedings.[2] Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and concluded oral argument would not benefit the Court in its making its determinations. Accordingly, the matter has been

---

[1] Hereafter, the Court will identify Plaintiff's brief as "P's Brief" and Defendant's brief as "D's Brief."

[2] Hereafter, the Court will identify the Transcript as "Tr." followed by the appropriate page number.

decided on the written record. For the reasons set out herein, the decision is **REVERSED and the case is REMANDED for further proceedings**.

## I. Procedural History

In the instant action, Plaintiff protectively filed applications for DIB and SSI disability payments on November 29, 2004, alleging an onset of disability of April 15, 2003 (Tr. 13).[3] Plaintiff's applications were denied initially and upon reconsideration (Tr. 13). Thereafter, Plaintiff timely requested a hearing, which was ultimately held on December 19, 2006, in Jacksonville, Florida before administrative law judge (ALJ) Stephen C. Calvarese (Tr. 292-330). Plaintiff appeared and testified at the hearing, as did vocational expert (VE) Melissa T. Brooks. Plaintiff's current counsel of record, attorney N. Albert Bacharach, Jr., also represented her during the underlying administrative proceedings (Tr. 34-35). The ALJ issued a hearing decision on February 22, 2007, in which Plaintiff's claims for DIB and SSI payments were denied (Tr. 13-20). Plaintiff requested review of the hearing decision by the Appeals Council (AC); however, the AC denied Plaintiff's request (Tr. 4-6), making the hearing decision the final decision of the Commissioner. Thereafter, Plaintiff filed the instant complaint in federal court on June 6, 2008 (Doc. #1).

## II. Social Security Act Eligibility
## and the Standard of Review

Plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[3]The record of the underlying proceedings does not include copies of the applications for DIB under Title II and SSI under Title XVI of the Social Security Act. The ALJ's decision references a filing date of November 29, 2004 and an alleged onset date of disability as April 15, 2003. The parties have not contested these dates.

which can be expected to either result in death or last for a continuous period of not less that 12 months. 20 C.F.R. §§ 404.1505, 416.905.[4] For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability insurance benefits are identical to those governing a claim for supplemental security income benefits. *Patterson v. Bowen*, 799 F.2d 1455, 1456, n. 1 (11th Cir. 1986). The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's

---

[4]Unless otherwise specified, all references to 20 C.F.R. will be to the 2008 edition.

decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so.  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health and Human Serv's*, 21 F.3d 1064, 1066 (11th Cir. 1994).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled.  *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

### III.  Analysis

Plaintiff was born March 15, 1971 (Tr. 152, 297).  Thus, at the time of the ALJ's decision Plaintiff was thirty-five (35) years old.  According to Plaintiff's testimony, she graduated from high school and attended one (1) year of trade school in 1990 to become a medical assistant (Tr. 298).  Plaintiff has past relevant work as an accounting clerk, bus driver, sales agent, medical assistant, receptionist and general clerk (Tr. 85-87).

Plaintiff states in her Function Report - Adult that she suffers from leg pain, which limits her household and work duties, and from depression and panic attacks triggered by interaction with strangers and public places (Tr. 64-71).[5]  In the past, Plaintiff claims her

---

[5]The Court notes that the Function Report found at Exhibit 2E of the transcript is dated January 5, 2004 (*see* Tr. 64-71).  The Court questions the date on this report as it is understood that Plaintiff did not file disability applications until November 29, 2004 and the report is stamped as "received" on January 11, 2005 (*see id.*).

4

panic attacks have lead to physical altercations (Tr. 311-12). Plaintiff contends that her ability to work is limited by her chronic depression, agoraphobia, bipolar disorder, obesity and leg pain (Tr. 75-82). Further, Plaintiff states that her leg pain interferes with her ability to sleep and results in exhaustion and periods where she is unable to get out of bed (Tr. 314-15).

Plaintiff raises a single issue on appeal. Plaintiff asserts the ALJ erred by basing his decision on the first hypothetical question to the VE, which she alleges did not include the combined effects of the Plaintiff's exertional and nonexertional impairments (P's Brief at 8-9). Defendant responds that the ALJ's decision is supported by substantial evidence and was made in accordance with proper legal standards and the hypothetical question was not flawed (*see generally*, D's Brief). More specifically, Defendant asserts the first hypothetical fairly sets out all of Plaintiff's reasonable limitations by incorporating Plaintiff's physical restrictions from Exhibit 15F and mental limitations from Exhibit 7F (D's Brief at 6-7).

However, the Court's review reveals these arguments ignore obvious flaws in the ALJ's decision and such flaws require the case to be remanded for further consideration. More specifically, the Court's review finds the ALJ failed to conduct the special mental evaluation technique as required by the Commissioner, *see* 20 C.F.R. §§ 404.1520a, 416.920a, and it appears the ALJ ignored a substantial amount of record evidence. These errors require this case be remanded for further administrative proceedings.

<u>Mental Impairment Evaluation</u>

Although Plaintiff raises the issue of the whether the hypothetical upon which the ALJ based his determination to deny Plaintiff's disability claims was sufficiently stated to include all of Plaintiff's impairments, the Court finds the asserted error is more appropriately

5

identified in terms of the broader category of Plaintiff's mental impairments and the ALJ's consideration thereof.

In this case, the ALJ found Plaintiff to have severe physical and mental impairments (Tr. 15, 19 at Finding 3). Specifically, the ALJ stated, "[t]he medical evidence indicates that the claimant has mild degenerative joint decease of the knee; obesity; and affective/mood disorder with anxiety; impairments that cause significant vocationally relevant limitations." (Tr. 15.) Although the ALJ did not explicitly state these impairments were severe, he noted the correct standard for that determination by stating "[a] medically determinable impairment or combination of impairments is 'severe' if it significantly limits an individual's physical or mental ability to do basic work activities" (Tr. 15). *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). Thus, the Court takes notice that any impairment found to "cause significant vocationally relevant limitations" would be a severe impairment under the Commissioner's Regulations. The ALJ also correctly noted the Regulations further require that if a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis (*see* Tr. 15).

The ALJ assessed Plaintiff retained the residual functional capacity to perform work at the medium exertional level, with limitations in pushing/pulling, no repetitive use of foot controls, no climbing ropes, ladders or scaffolds; no more than occasional balancing, and avoidance of exposure to concentrated extreme cold, heat, unprotected heights and moving machinery; and with mental impairments imposing moderate limitations in maintaining attention and concentration, interacting with the public, and carrying out instructions in a routine work setting (Tr. 20 at Finding 6). As discussed more fully *infra*, it is unclear to the Court if these limitations adequately account for the Plaintiff's mental impairments.

6

To evaluate a claim of disability based on a mental impairment, the Commissioner is required to follow a special procedure set out at 20 C.F.R. §§ 404.1520a and 416.920a. Sections 404.1520a (b)(2) and 416.920a (b)(2) provide the Commissioner must rate the degree of functional limitation resulting from the impairments in accordance with paragraph (c) of that section and must record the findings as set out in paragraph (e) of that section. Sub-paragraph (c)(4) requires the degree of limitation in the functional areas of activities of daily living; social functioning; and, concentration, persistence, or pace be rated using a five point scale of: "None, mild, moderate, marked, and extreme" and the degree of limitation in the fourth functional area of episodes of decompensation be rated using the four-point scale of: "None, one or two, three, four or more." "The last point on each scale would indicate a degree of limitation that is incompatible with the ability to do any gainful activity." 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). Sections 404.1520a (e)(2) and 416.920a (e)(2) state in pertinent part that "[a]t the administrative law judge hearing . . . the decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section."

In this case, the ALJ failed to follow the specified procedure for evaluating Plaintiff's mental impairments. The ALJ's February 22, 2007 decision does not discuss the findings he made in the four areas of functioning. While the ALJ restates the findings assessed by the psychologist, Dr. Michael Zelenka (*see* Tr. 17),[6] who reviewed the medical evidence in the record presented to him on March 22, 2005, nothing in the decision indicates the ALJ adopted those findings as his own. Thus, it is impossible to determine whether the ALJ

---

[6]The Court notes the ALJ misidentified Dr. Michael Zelenka as Dr. Michele Zelenek (*compare* Tr. 17 *with* Tr. 136, 151).

applied the correct legal standards. Under such circumstances, it is inappropriate to affirm an administrative decision because some rationale might have supported the ALJ's conclusion. *Cf. Owens v. Heckler*, 748 F.2d 1511, 1515 (11th Cir. 1984).

The law of the Eleventh Circuit is very clear that when the ALJ fails to comply with Regulations on the methodology for evaluating mental impairments, remand is required. *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005) (per curiam). In *Moore*, the court joined other circuits around the nation in holding "where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF and append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." *Id.* at 1214 (internal citations omitted).

In the instant case, there is no question the ALJ's failure to follow the special technique for mental impairment evaluation is an omission material to the outcome of this case. The February 22, 2007 decision is devoid of any findings the ALJ made in the four areas of functioning.[7] It is Plaintiff's alleged mental impairments and the degree of functional limitations arising out of those impairments which are at issue in the posited hypothetical questions. Here, the ALJ found Plaintiff to have an affective/mood disorder with anxiety that was a severe impairment under the Regulations.[8] Thus, Plaintiff was found to have a severe mental impairment that affected her ability to work.

---

[7]The Court takes note of the "moderate limitations in attention and concentration" that the ALJ included as additional limitations to Plaintiff's assessed RFC (*see* Tr. 18-19), however, the determined limits on Plaintiff's RFC fall short of the required mental impairment analysis under 20 C.F.R. §§ 404.1520a, 416.920a.

[8]Generally speaking, an affective disorder is a class of mental disorders that are characterized by a disturbance in mood. *On-Line Medical Dictionary* at http://www.pharma-lexicon.com/medicaldictionary.php (last visited June 26, 2009).

In addition, the Court notes the record contains an entire body of medical evidence which is not clear the ALJ considered before rendering his decision. Further discussion of this matter is given below, however, relevant to consideration of the Plaintiff's alleged mental impairments are the numerous notations from Plaintiff's treating sources of Plaintiff's documented bi-polar disorder and depression (*see, e.g.*, Tr. 110-26 (Exhibit 3F), Tr. 162-97 (Exhibit 10F) that appear within this body of evidence.

In determining that remand is necessary, in part due to the ALJ's failure to articulate his findings in each of the four broad functional areas identified above, the Court found it was clearly bound by the precedent established in *Moore v. Barnhart*, *supra*, 405 F.3 at 1214 (failure to incorporate the PRTF mode of analysis into the decision requires remand). Further, there are three unpublished opinions which are helpful and persuasive, as well.[9] The unpublished order of U.S. Magistrate Judge Karla Spaulding in the matter of *Crawford v. Massanari*, 6:00-cv-695-ORL-KRS, Docket Entry No. 26, dated September 18, 2001 is cited as persuasive for requiring remand where an ALJ fails to follow the mandates of a particular regulation. In *Crawford*, the ALJ failed to attach the then required PRTF to the decision. *Id.* Further, the Court would refer the parties to the case of *Lee v. Barnhart*, 117 Fed. Appx. 674, 677 (10th Cir. 2004), wherein the court states the "ALJ is required to document his evaluation" of the four functional areas in Section 1520a. In *Dykstra v. Barnhart*, 94 Fed. Appx. 449 (9th Cir. 2004), the court found the case should be remanded to the Commissioner because of the ALJ's failure to comply with requirements of section 1520a. Similarly, in *Calcek v. Comm'r of Social Security*, No. 3:CV-01-1664, 2003 WL

---

[9]Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent.

21911069 (M.D. Pa. Jul. 31, 2003), the court remanded the case finding there was sufficient evidence of the plaintiff's depression in the record before the ALJ that he should have been on notice that depression compromised the plaintiff's vocational abilities and was therefore required to comply with the special mental evaluation technique set forth in the Regulations.

On remand here, the ALJ must evaluate Plaintiff's mental impairments following the steps set out in 20 C.F.R. §§ 404.1520a and 416.920a and must reevaluate Plaintiff's RFC in light of his findings in the functional areas. As is discussed below, the ALJ shall consider all the medical evidence of record in determining the severity Plaintiff's mental impairments. The ALJ should state what, if any, limitations on the Plaintiff's ability to work exist due to Plaintiff's severe mental impairments. This Court interprets the Commissioner's Regulations to require the ALJ explicitly state his findings of the Plaintiff's functional limitations in each of the four broad functional areas.

<u>Overall Evaluation of the Medical Evidence</u>

It is well established in the Eleventh Circuit that the hypothetical questions posed to a vocational expert must incorporate all severe impairments of the particular claimant/plaintiff. *See, e.g., Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985); *Mullin v. Astrue*, No. 307-cv-765-J-JRK, 2008 WL 5412190 (M.D. Fla. Dec 29, 2008); *Loveless v. Massanari*, 136 F.Supp.2d 1245, 1250-51 (M.D. Ala. 2001) (stating that only non-severe impairments may be omitted from hypothetical questions to the VE). Plaintiff argues the ALJ failed to base his decision on the hypothetical questions to the VE that did include all of the Plaintiff's severe impairments as documented by the evidence of record (P's Brief at 8). The Court finds the ALJ failed to properly evaluate Plaintiff's mental

impairments, therefore the Court is unable to ascertain if correct consideration was given to all of Plaintiff's severe impairments and if those severe impairments were incorporated into the hypothetical questions asked of the vocational expert. Consideration of all the medical evidence of record is mandated so that the ALJ can accurately determine a claimant's RFC and thereby determine if the claimant can return to past relevant work. *See* 20 C.F.R. §§ 404.1527, 404.1529, 404.1545, 416.927, 416.929, 416.945.

The focus of a residual functional capacity determination is on the objective medical findings made by a plaintiff's doctors and their analysis based on those findings. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An ALJ may not pick and choose which evidence he considers in making the disability determination. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). The plaintiff has the burden of providing the medical and other evidence about his or her impairments for the ALJ to use in making his conclusions. 20 C.F.R. §§ 404.1512(a), 416.912(a). The Regulations direct the administrative law judges to "consider all evidence in [the claimant's] case record when [making] a determination or decision whether [the claimant is] disabled." 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3).

Here, the accuracy of the RFC determination is questionable in part because the ALJ failed to demonstrate that he considered all the medical evidence. Review of the ALJ's decision leaves the Court to wonder if a significant portion of the submitted medical evidence was considered. There is no reference in the ALJ's decision to: (1) Exhibit 2F— treatment notes and lab record spanning the period May 8, 2003 to November 25, 2003 from the North Florida Regional Medical Center and the Center for Obesity Surgery & Treatment; (2) Exhibit 3F— progress notes and lab records from the Mayo Clinic from

September 19, 2003 to June 14, 2004; (3) Exhibit 10F— progress notes and medication sheets from Meridian Behavioral Healthcare, Inc. during the time period September 13, 2004 to May 6, 2005; (4) Exhibit 11F— treatment notes and lab records from November 8, 2004 to May 24, 2005 from Three Rivers Medical, Inc.; (5) Exhibit 16F—treatment notes and lab records from October 19, 2005 to June 21, 2006 from Three Rivers Medical, Inc.; and, (6) Exhibit 17F—treatment notes and lab records of Dr. James Janousek, M.D., from January 6, 2006 to November 29, 2006.  Further, Plaintiff submitted medical records from Meridian Behavioral Healthcare, Inc., from March 18, 2005 through October 18, 2006 (*see* Tr. 258-91, Exhibit 18F), but the Court is unable to ascertain what consideration the ALJ actually gave to those records.[10]

The underlying administrative record in this case demonstrates Meridian Behavioral Healthcare has a two (2) year history of treating Plaintiff's mental health impairments beginning in September of 2004 and continuing into October of 2006.[11]  However, the decision references only a single treatment note dated March 18, 2005, from which the ALJ ascertained "Meridian Behavioral Health Center indicated that the claimant had made satisfactory progress in areas of concern (Exhibit 18F, p. 33).  She continued to experience anxiety; however, without panic attacks and she resolved her 'floating anger.'" (*See* Tr. 16.)  In fact, the referenced treatment note reflects the claimant had made satisfactory progress

---

[10]As discussed below, the Court notes the ALJ referred to a single record contained within Exhibit 18.

[11]Meridian Behavioral Healthcare, Inc.'s medical records compose Exhibits 10F and 18F.  Mr. Michael Speisman, ARNP, with Meridian Behavioral Healthcare, also completed a Treating Source Mental Health Report for the Division of Disability Determinations on May 27, 2005 (*see* Tr. 212-13, Exhibit 12F).  Mr. Speisman is erroneously referred to as Dr. Speisman in the ALJ's decision (*see* Tr. 16).

12

in only her depression, which was stated as one of two previously identified problem areas of concern (*see* Tr. 290). Plaintiff was noted as continuing to exhibit symptoms of anxiety, although to a lesser degree of frequency and intensity than when she entered treatment (*id.*). Plaintiff's "floating anger" regarding her mother's treatment of her was noted as a newly identified problem (Tr. 290-91) and there is not a notation pertaining to Plaintiff's panic attacks (*id.*).

In this case, a proper consideration the Meridian Behavioral Healthcare records concerning Plaintiff's mental condition is essential to an accurate determination of Plaintiff's residual functional capacity. The RFC is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite the claimant's impairments. 20 C.F.R. §§ 404.1520, 416.920.

The ALJ attempts to support his findings, in part, by citing to the single Meridian Behavioral Healthcare note dated March 18, 2005. There is no reference to any of the notes from the additional twenty-six (26) visits documented from September 13, 2004 through October 18, 2006 that are contained within Exhibits 10F and 18F.[12] Throughout these records it is documented that Plaintiff's symptoms waxed and waned and prescription medications varied. As indicated above, there are numerous references to bi-polar disorder, as well as depression and schizoaffective disorder. Thus, it is unclear to the Court what consideration the ALJ actually gave to the bulk of evidence from Meridian Behavioral Healthcare, Inc. and to the other medical records contained in the exhibits the

---

[12]Meridian Behavioral Healthcare medical records include over two (2) years of the Plaintiff's mental health history from the same treating office discussing medications, progress reports, sleep patterns and diagnoses.

ALJ did not reference in his decision. For example, a more recent progress note from Meridian Behavioral Healthcare dated April 31, 2006 reported the Plaintiff's mood as "severely depressed" and stated Plaintiff was "schizoaffective" (Tr. 271).

Clearly the ALJ is not required to specifically refer to every piece of evidence in his decision. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). The ALJ is required, however, to consider all the presented evidence in making his findings and the ultimate disability determination. The ALJ's decision in this case is silent on an extremely large amount of medical evidence provided by the Plaintiff in support of her claims. Although the ALJ has wide latitude to evaluate the weight of the evidence, he must do so in accordance with prevailing precedent. In this case it appears the ALJ disregarded a significant portion of the medical record evidence without stating any reason and the Court is left to wonder if correct legal standards were applied in his analysis of the evidence, notwithstanding the ALJ's failure to properly evaluate Plaintiff's mental impairments.

## IV. Conclusion

As it is impossible for the Court to tell if the ALJ applied the proper test in evaluating medical evidence and in evaluating Plaintiff's mental impairments, this case must be remanded. *See generally, Owens v. Heckler*, 748 F.2d 1511, 1515-16 (11th Cir. 1984) (declining to affirm an ALJ's decision where it was unclear what test the ALJ used in reaching his conclusions and concluding it was not proper to affirm simply because some rationale might have supported the ALJ's conclusions). All the medical evidence must be considered and weighed in accordance with the Regulations and prevailing case law, and Plaintiff's residual functional capacity must be reassessed. On remand, the ALJ may desire to reopen the record and accept any additional evidence deemed appropriate, which may

14

include vocational testimony in light of the reassessed RFC. The ALJ may not, however, selectively rely on only a limited part of the record, while ignoring other parts. *See McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986).

An ALJ is required to build an accurate and logical bridge from the evidence to his conclusion. *See Baker v. Barnhart*, Case No. 03-C-2291, 2004 WL 2032316, *8 (N.D. Ill. Sept. 9, 2004). The ALJ must also "sufficiently articulate" his assessment of the evidence to assure the court that he has considered the important evidence–so that the court may trace the path of the ALJ's reasoning to his conclusion. *Id.* After review of the ALJ's decision and the administrative record, the Court cannot find the ALJ has built the requisite accurate and logical bridge from the evidence to the conclusion.

For the foregoing reasons, the decision of the Commissioner is not supported by substantial evidence or decided according to proper legal standards. Accordingly, the Commissioner's decision is hereby **REVERSED** and the case is **REMANDED with instructions**.

Plaintiff is cautioned that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

### V. Directions as to Judgment

The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file. The judgment shall state that if Plaintiff were to

ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. *See Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1278 (11th Cir. 2006); *compare* Fed. R. Civ. P. 54(d)(2)(B); M.D. Fla. Loc. R. 4.18(a).

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of July, 2009.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge