**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SUSAN R. HARRISON,

    Plaintiff,

vs.                                                                CASE NO. 3:08-cv-577-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**O R D E R**

This case is before the Court on Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (hereinafter referred to as EAJA) (Doc. #28, Motion), filed October 13, 2009. Plaintiff's counsel requests an award of $3,661.60 in attorney fees pursuant to EAJA (Doc. #28 at 1). Defendant filed the Opposition to Petitioner's Application for Attorney Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. #31, Response), on October 21, 2009. Defendant raises an objection to the number of attorney hours itemized and the total attorney fee award requested (Doc. #31 at 2).

In this matter, Plaintiff has requested attorney fees under EAJA be paid at rates of $171.77 per hour for services in 2008 and $174.00 per hour for 2009 (Doc. #28 at 1-2). Because the undersigned does find Plaintiff's counsel has overstated the allowable cost of living adjustments, the Court will modify the hourly rate with a proportionate increase based on the years in which the services were performed. Plaintiff has also requested EAJA compensation for consultation services which appear to have been rendered in relation to the underlying administrative proceedings (*see* Doc. #28-2, June 1, 2008 client meeting).

The Court finds a portion of the requested number of hours is not compensable under EAJA, and will adjust the total number of hours in the case as detailed below.

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

1. Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney fees, nothing in the record indicates Plaintiff had a net worth of more than $2,000,000 at the time the complaint was filed, and there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2. The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)). *Baker* is also cited for the proposition that attorney fee increases do not

necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104- 121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $171.77 per hour for services provided in 2008 and $174.00 for services provided in 2009 (Doc. #28 at 1-2). However, Plaintiff's counsel has calculated an hourly rate which overstates the inflation rate. The Court in its discretion has determined that the hourly rates of $171.45 per hour for services provided in 2008 and $169.85 per hour for services provided in 2009 are reasonable when factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA.[1]

4. Defendant's counsel objects that 3.80 hours of the 21.30 hours spent on this case are excessive and unreasonable, and therefore are not compensable under EAJA (Doc. #31 at 2). Defendant suggests Plaintiff should be compensated for no more than one hour of attorney fees for the 3.80 hours of services claimed on June 1, 2008, which appears as the initial consultation meeting between the client and attorney in the federal case (Doc. #31 at 3). In conjunction with its determination of a reasonable hourly rate, the Court must determine the number of hours reasonably expended on the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Norman v. Housing Authority of City of*

---

[1]The Court arrived at its conclusions by visiting the following website: www.minneapolisfed.org (last visited November 6, 2009)

*Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). The Court is inclined to agree that some of the claimed hours are not compensable under the circumstances of this case.

For example, time claimed as hours for worked performed prior to filing the complaint that are not related to the preparation of the same are not compensable under EAJA. *Webb v. Board of Education of Dyer County,* 471 U.S. 234, 243 (1985), *White v. United States*, 740 F.2d 836, 842 (11th Cir. 1984). Plaintiff requests attorney's fees for 3.80 hours spent "[going over] questions about social security and why they were not paying her. Explain[ing] the procedure and time frames for proceeding in the United States District Court" (Doc. #28-2 at 1). While the Court recognizes that in some instances pre-complaint fees are compensable, the Court will not permit fees for work that was clearly performed in relation to the administrative proceedings. *See Cameron v. Barnhart*, No. 01-7145, 2002 WL 31079435 at *2-3 (10th Cir. Sept. 17, 2002).

In the instant matter, the Court finds the fees for work performed "[going over] questions about social security and why they are not paying her" are not compensable because this work was related the administrative proceedings, throughout which Plaintiff was represented by her current counsel of record. However, the Court finds fees for work "[e]xplain[ing] the procedure and time frames for proceeding in the United States District Court" are compensable, as related to the preparation of the complaint, so long as the fees claimed are reasonable.

The standard used to determine the reasonableness of the number of hours compensable under the EAJA is that of "billing judgment" in private legal practice. *Spruil v. Bowen*, 691 F. Supp 302 (M.D. Fla. 1988). For example, the court in *Baker v. Apfel* reduced the amount of time Plaintiff's counsel spent drafting his twenty-eight page brief

from 10.8 hours to 7.3 hours where the amount of time requested was unreasonable since the brief contained much canned language and quoted material. *Baker v. Apfel*, No. CA 98-0336-MJ-C, 2000 WL 284215 (S.D. Ala. Feb. 23, 2000).

Based on this Court's experience regarding billing judgment and Social Security fee applications, and review of this case, the Court finds the hours spent in preparation of filing the complaint are not reasonable. The Court shall divide in half the 3.80 hours to reflect the division between the time spent on discussion of the administrative proceedings and Plaintiff's application for benefits and the time spent in preparation of the complaint for federal court. Thus, the Court finds that 19.40 (21.30 - 1.90) hours is the reasonable number of hours expended in this case.

5. The Court therefore finds that $3,324.06 ($171.45 x 18.10 hours in 2008 and $169.85 x 1.30 hours in 2009) is a reasonable amount for attorney fees in this case.

6. Plaintiff was granted *in forma pauperis* status in this action. Consequently, there is no claim for compensable incurred costs.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. #28) is **GRANTED in part and DENIED in part**, as stated herein.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,324.06 for EAJA attorney fees.

3. There is no assignment of EAJA fees referenced within or attached to the Motion (Doc. #28) before the Court. Therefore, the Commissioner shall direct the payment

of the attorney fees awarded under EAJA to Plaintiff. *See Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008).

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of November, 2009.

Copies to all counsel of record,
and *pro se* parties, if any.

THOMAS E. MORRIS
United States Magistrate Judge

6